People v Simono (2018 NY Slip Op 02291)





People v Simono


2018 NY Slip Op 02291


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Manzanet-Daniels, J.P., Tom, Gesmer, Singh, JJ.


5528 1744/12

[*1]The People of the State of New York, Respondent,
v
Christopher Simono, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Adrienne M. Gantt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Samuel L. Yellen of counsel), for respondent.



Order, Supreme Court, Bronx County (Ralph Fabrizio, J.), entered on or about June 10, 2014, which adjudicated defendant a level two sexually violent sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed points under risk factors 9 and 10, relating to defendant's prior criminal history, based on a burglary case in which defendant pleaded guilty to a felony, then committed the underlying sex crime, and then received youthful offender (YO) treatment on the burglary (People v Francis, — NY3d -, 2018 NY Slip Op 01017 [2018]). New York's Sex Offender Registration Act (SORA) requires the State Board of Examiners of Sex Offenders to assess an offender's risk of reoffense. In making this determination, the Board has access to an offender's full criminal background, including defendant's YO-related records. SORA "thereby grants the Board access to the documents, which are available under the CPL if specifically required or permitted by statute'" (id. at *7). Additionally, members of the Board have "access to YO-related records for the purpose of carrying out duties specifically authorized by law'" (id., quoting CPL 720.35[2]). Therefore, "SORA's directives both provide the statutory require[ment] or permi[ssion]' to release the YO records under one provision of the YO statute, and describe the duties specifically authorized by law' to allow for their release under another" (id. at *7, quoting CPL 720.35[2])).
Accordingly, the CPL specifically provides the Board with access to YO-related documents (id. at *8). As the Board's inclusion of defendant's YO adjudication "in assessing the risk of reoffense was based on the Board's expertise and experience," it is entitled to judicial deference (id. at *5). As neither SORA nor the CPL "prohibit[s] the Board's consideration of YO adjudications for the limited public safety purpose of accurately assessing an offender's risk level," Supreme Court appropriately assessed points under risk factors 9 and 10, relating to defendant's prior YO adjudication (id. at *1).
We have considered and rejected defendant's sequentiality argument.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK